IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-CR-00025-M

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| LEIGH BEVERLY DAVIS, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court sua sponte. It has come to the court's attention that, at the sentencing hearing on Thursday, June 22, 2023, the court ordered that Defendant be "committed to the custody of the Bureau of Prisons to be imprisoned for a term of forty (40) months on Counts 2 and 4 ..."; however, the court did not specify whether the terms on Counts 2 and 4 should run concurrently or consecutively.[1] Rule 35 of the Federal Rules of Criminal Procedure permits the court to correct a sentence that results from arithmetical, technical, or other clear error within fourteen days of sentencing. Fed. R. Crim. P. 35(a). Because the court's error is a clear omission, the court has the authority to correct the sentence under Rule 35.

Accordingly, the sentence is corrected to add that the 40-month prison term on Counts 2 and 4 shall run concurrently.

SO ORDERED this 27th day of June, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court notes that "concurrent" may be inferred by looking at the full sentence imposed in this case, which is a prison term of 100 months calculated by adding the 40-month concurrent term for Counts 2 and 4 and the 60-month consecutive term on Count 5. However, to avoid any confusion, the court finds it prudent to enter this order correcting the sentence imposed at the hearing.